IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

NICKOLAS JOHN MCCAFFERTY,

      Plaintiff,

v.                                                        Case No. 25-1018-JWB

CITY OF SALINA, KANSAS, et al.,

      Defendants.

**MEMORANDUM AND ORDER**

This matter is before the court on a February 19, 2025, Report and Recommendation ("R&R") by Magistrate Judge Brooks Severson recommending dismissal of Plaintiff's pro se complaint for lack of subject matter jurisdiction, failure to state a claim upon which relief can be granted, as barred by the statute of limitations, and failure to comply with Fed. R. Civ. P. 8. (Doc. 7.) Plaintiff proceeds pro se and in forma pauperis. Magistrate Judge Severson screened Plaintiff's complaint in accordance with 28 U.S.C. § 1915(e)(2). The R&R was sent to Plaintiff by certified mail at the time of filing and informed him that he had 14 days from receipt of the R&R to file written objections to it, and that if he did not timely file any objections, no court would allow appellate review of the recommended disposition. (*Id.* at 16.) The record reflects that Plaintiff was served with the R&R on March 8 and no timely objection has been filed. (Doc. 8.)

Plaintiff's failure to timely object to any portion of the R&R leaves him with no entitlement to appellate review. *Williams v. United States*, No. 19-2476-JAR-JPO, 2019 WL 6167514, at *1 (D. Kan. Nov. 20, 2019) ("The Tenth Circuit requires that objections to a magistrate judge's recommended disposition 'be both timely and specific to preserve an issue for de novo review by the district court ...") (quoting *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th

1

Cir. 1996)). "In the absence of timely objection, the district court may review a magistrate's report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985) (stating that "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings.")).

The court agrees with Judge Severson's analysis concluding that this court lacks subject matter jurisdiction over several claims contained in the voluminous and almost incomprehensible complaint. Further, the court agrees that Plaintiff has failed to state a claim as to the claims over which this court has subject matter jurisdiction due to the lack of facts sufficient to state a claim against the various Defendants named and because his claims are untimely. Further, the complaint fails to comply with Rule 8.

The court finds no clear error on the face of the record. *See* Fed. R. Civ. P. 72(b) advisory committee note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") The court accordingly adopts the recommendation in the R&R to dismiss the complaint.

**Conclusion**

The court ADOPTS the Magistrate Judge's R&R (Doc. 7) as the findings and conclusions of this court. Plaintiff's complaint (Doc. 1) is hereby DISMISSED for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted.

IT IS SO ORDERED. Dated this 31st day of March 2025.

>  __ s/ John Broomes_____
> JOHN W. BROOMES
> UNITED STATES DISTRICT JUDGE